BLOOMER v. SHERMAN. (*a*)

---

The time limited by deed for making an award, may be enlarged by parol.

The provision in the R. S. declaring that a party shall not revoke the power of arbitrators after a final submission upon hearing, is not to be confined to cases where the award is to be made a rule of court.

B. and S., as partners, signed arbitration bonds on the 14th of January ; the award was to be made on the 10.h February, but on the day before, the parties in writing—one signing and sealing and the other (B.) signing only—agreed that the time of "rendering" the award be extended to the 19th February; on the 11th February the arbitrators were ready to make their award and on the 18th February it was delivered to the parties. But on the 14th of the same month, B. had served the arbitrators with a revocation and another two days afterwards :—on a bill filed by B. and a plea of the award : Held, that the revocation came too late ; and the plea was allowed.

---

Bill for winding up a partnership ; and, for an account. Plea, of a submission of the matters in dispute to arbitra-

---

(*a*) This case went up to the chancellor, on appeal; and the decision in it was affirmed : See 5 Paige's C. R. 575.

tion and an award. The plea set out the arbitration bonds, containing the submission, bearing date the fourteenth day of January, one thousand eight hundred and thirty-five, conditioned to abide the award of three arbitrators " to be made in writing, subscribed by each of them and attested by a subscribing witness ready to be delivered to the parties on or before the tenth day of February (*then*) next." The plea also stated that afterwards and on the ninth day of February —inasmuch as the time for hearing the parties and making the award was not deemed sufficient—the parties endorsed upon the bonds and submissions an agreement in writing, duly executed and signed by them and sealed with the seal of the defendant, in these words :

" It is mutually agreed that the time for rendering the award of the arbitrators, as within, be extended to the nineteenth of February instant. New York, February 9th, 1835.

J. Sherman. (<em>seal.</em>)<br/>Elisha Bloomer."

The plea then further stated that the time being so extended, the arbitrators proceeded to hear the allegations and proofs of the respective parties ; and after due deliberation, made their award in writing, under their hands, on the eleventh day of February, one thousand eight hundred and thirty-five, which was, afterwards, and on the sixteenth day of February, duly attested by a subscribing witness and ready to be delivered to the parties. That the said award was, on the eighteenth day of the same February, delivered to them by the arbitrators. The award was then set out, with an averment that it was made, in all respects, in conformity with the submission and within the time for making it according to the extension agreed upon by the endorsements on the bonds ; and that the powers of the arbitrators were in no way revoked or limited before the case was finally submitted to them upon the final hearing, although an instrument purporting to be a revocation was, in the afternoon of the fourteenth day of the same February, duly executed by the complainant and served upon one of the arbitrators ; and also, although, on the sixteenth day of February, another instrument of revocation, under the hand and seal of the complainant, was served upon the other two arbitra-

1835.

BLOOMER
*v.*
SHERMAN.

tors, which declared the powers of the arbitrators to make and deliver any award entirely revoked.

The question was, upon the validity of the award?

Mr. *S. Sherwood,* for the complainant.

Mr. *J. P. Hall,* for the defendant.

*September* 7.  THE VICE-CHANCELLOR:—The validity of this award depends upon two questions: first, as to the effect of the agreement to enlarge the time for rendering the award; and, secondly, as to the force of the revocation after the cause had been finally heard and submitted?

As to the first point. The objection, raised is twofold, that inasmuch as the submission was under hand and seal, and the time for making the award limited, the agreement to extend it should have been under hand and seal. The objection is not well taken. The time limited for making an award, where the submission is by deed, may be enlarged by parol; and an award made within the time thus extended will be good as an award. The only difference it can make is in the form of the action or remedy to be had for enforcing it. This is clearly shown both by decisions in our own courts and by English cases: *Greig* v. *Talbot,* 2 Barn & Cres. 179; *Evans* v. *Thompson,* 5 East, 189; *Brown* v. *Goodman,* 3 T. R. 592, *n; Freeman* v. *Adams,* 9 J. R. 115; *Myers* v. *Dixon,* 2 Hall's Superior C. R. 456; *Langworthy* v. *Smith,* 2 Wend. R. 587.

An agreement by parol to extend the time for making an award, in pursuance of a previous submission under hand and seal, continues and keeps alive the submission, as a submission by parol, if in no other way; and an award made in pursuance of a parol submission in writing is just as valid and effectual as if made under a submission by deed. There is nothing in the case of *Suydam* v. *Jones,* 10 Wend. 180, or in the cases there cited to oppose this principle. The other branch of the objection is, that the extension of time by the agreement was not for the purpose of making the award, but for the "rendering," or, in other words, delivering it; and it is contended that the arbitrators were, notwithstanding, bound to make their award and to do all that

was necessary, (except delivering it) within the time origi-
nally limited.   One sense in which the word "rendering"
may be used is *making*, and it would be giving to this word
too strict and confined a construction and be contrary to the
intention of the parties to hold that the arbitrators were still
to proceed and hear the. parties and make up their award
on or before the tenth day of February.   The object of ex-
tending the time clearly was to give the arbitrators until
the nineteenth of February, in order to hear the cause and
make their award as well as to deliver it to the parties.

The next question presented is, in relation to the revoca-
tion?   At common law, in all cases of submission to arbi-
tration, either party might revoke the power of the arbitra-
tors at any time before the award was actually made and
delivered.   But the Revised Statutes contain a provision
that "neither party shall have power to revoke the powers
of the arbitrators after the cause shall have been finally sub-
mitted to them upon a hearing of the parties for their deci-
sion:" 2 R. S. 544, § 23.   If this statute applies to the pre-
sent case, there can be no objection to the award on the
ground of a revocation : because, in point of fact, there was
no attempt to revoke, until after the cause had been finally
submitted as mentioned in the statute.   I can see no good
reason why the statute should not be held to apply.   It ap-
pears to me to be a salutary provision made to take from
the parties the right of revocation after they have gone
through a hearing and submitted the matter in controversy
to the decision of arbitrators ; and I apprehend the legisla-
ture did not mean to confine it to cases where the parties
have agreed that judgment of some court of law should be
rendered upon the award.   It is true that in all such cases
the court, designated in the submission, has ample powers
granted to it by statute to vacate the award or to modify
and correct the same for cause shown and hence the parties
are in no danger of suffering injustice from the decision of
arbitrators where they are compelled to take their chance
of a decision after they have voluntarily proceeded to a full
hearing and finally submitted their cause.   The same reason
will hold good where the award is not, by agreement, sub-
jected to the judgment of a court of law : because the com-

mon law powers and jurisdiction of the court of chancery over arbitrators, awards and the parties therein, are expressly declared, by the statute, to be unimpaired and undiminished; and this court, in the exercise of its authority, can go as far as any court of law is permitted to do in reviewing a decision of arbitrators and correcting any error or misconduct which may have occurred. Further reasons might be given for not considering this restriction upon the power of revocation to apply merely to the case of an arbitration where the parties have agreed that the award might be converted into a judgment of a court of law. Indeed, it appears to me that the statute was intended to regulate the whole subject of arbitration and this too whether the parties had agreed to make the award a subject for judgment or not. If an agreement to this effect be contained in the submission, the powers of the court over the matter are declared and the course of proceeding to vacate or modify the award is prescribed—so likewise, where the submission is silent and contains no such agreement, there are many things regulated by the statute; thus, as to the persons competent to become parties to a submission—leaving it optional with them to agree or not about converting the award into a matter of record and judgment of some court—as to the matters which may be arbitrated, the course of proceeding, the attendance and examination of witnesses, the power to revoke and the consequences of a revocation—these are all pointed out as being applicable to arbitrations generally.

My conclusion is that the statute applies to the present case; and, consequently, the revocation mentioned· in the plea came too late to have any effect upon the award.

There being no other objections to the plea, it is to be allowed, with costs.