[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 114 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 115 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 116 
It appears from the complaint, and the documents therein referred to and made part thereof, that the Independent Order of Odd Fellows is a voluntary association, unincorporated; and that one of its professed objects is benevolence, to be bestowed on the members of the order who are in distress. The funds of the order are made up from assessments, initiation fees and other dues, specified in the rules of the association. It further appears that the association is composed of several judicatories or degrees, subject to a supreme or national council.
The defendants allege, in support of the demurrer, that the plaintiff is not entitled to sue alone, but should make all his associates parties; and also that the complaint does not disclose a cause of action. The plaintiff relies on the acts of April 7th, 1849, and July 9th, 1851, as an answer to the first objection. The act of 1849 authorizes "any joint stock *Page 117 
company or association, consisting of seven or more shareholders or associates, to sue or be sued in the name of the president or treasurer." The act of 1851 extends the provisions of the first act "to any company or association composed of not less than seven persons, who are owners of or have an interest in any property, right of action or demand, jointly or in common, or who may be liable to any action on account of any such ownership or interest," c. I am of opinion these acts relate only to those associations or companies which are authorized, by acts of the legislature, for the various purposes of banking, insurance, railroads, plank roads, c., with which our statute books abound, since the year 1838. They have no application to private voluntary copartnerships or associations, which are not organized in pursuance of some statute. These last associations must sue, as heretofore, by making all parties interested parties to the record, except where exonerated by the one hundred and thirteenth and one hundred and nineteenth sections of the Code, or, perhaps, in some other peculiar cases not necessary to be here noticed. The complaint discloses the fact that several other individuals, named therein, are interested equally with the plaintiff in the maintenance of this action, and in the avails thereof, if it can be sustained. The case falls, therefore, within subdivision four of section one hundred and forty-four of the Code, which allows a demurrer to be interposed when it shall appear that there is a defect of parties, plaintiff or defendant; and this defect is specially pointed out as the second ground of demurrer.
If the above conclusion is correct as to the validity of the objection of defect of parties, it must lead to an affirmance of the judgment of the Supreme Court at general term, without deciding any other point in the case; but as other members of this court may not concur in that conclusion, I will briefly examine the main question discussed in the court below, and upon which its judgment rests. That question is *Page 118 
substantially whether the courts will entertain a suit to enforce the adjudication of the self-constituted judicatories of the Order of Odd Fellows in the course of their discipline.
[The learned judge then proceeded to discuss this question, and arrived at a negative conclusion, for reasons which are more fully stated in the opinion of Judge SELDEN.]