## New York Marine Court.

### *Trial Term—June,* 1875.

## CHARLES SASSENSCHEIDT *against* THE FRESCO PAINTERS' BENEVOLENT AND PROTECTIVE UNION.

A person becoming a member of a benevolent society, and subscribing to its constitution and by-laws, becomes bound by their provisions.

A provision thereof allowing the society reasonable powers to discipline, try, and expel members attempting to impose on it, sustained in a case where the party accused appeared before the

society, and submitted to its jurisdiction by taking part in the trial.

The sufficiency of the evidence and propriety of the expulsion cannot be considered in a collateral matter.

*Ashbel P. Fitch*, for plaintiff.

*Salomon & Burke*, for defendant.

McADAM, J.—The defendant is a corporation duly organized under an act of the legislature of the State of New York, passed June 8, 1872 (chap. 877), for the purpose of mutual aid, protection and support, and for the promotion of social intercourse and the private and general interests thereof; and by the second section of the act of incorporation the corporation is authorized to make and adopt a constitution and by-laws, rules and regulations for the purposes, object and government thereof.

The plaintiff herein became a member of the corporation after its incorporation, subject to the constitution and by-laws enacted under the authority of the act of incorporation above referred to. The plaintiff claims that after he became a member of said corporation, and on or about the first day of September, 1873, he became sick from the effects of a sunstroke, and remained in that condition until July, 1874, when the present action was commenced to recover from the defendant benefits payable to sick members under the by-laws at the rate of $5 per week, and which benefits, at that rate, amounted to $125 at the time the action was brought. The defendant, by way of defense, alleged that it paid the plaintiff at the rate of $5 per week from September 1, 1873, to and including January 25, 1874, since which last mentioned time the defendant admits it has refused to pay the plaintiff any more money.

It is provided in and by the constitution and by-laws of the said defendant, made in pursuance of its

charter, and in force during the times in the complaint
mentioned, that in order to entitle a sick member to re-
cover any relief whatever, he must give written notice of
his illness to the proper officer of the defendant ; that
thereupon a committee of three members is to be appoint-
ed, whose duty it is to visit the sick on several days of the
week for a month, and immediately to make a written re-
port to the secretary of the condition of the sick member ;
and that if the written report of such committee con-
firms the inability to work of such sick member, then
$5 a week, for the support of such sick person is to be
allowed, not otherwise.   It further appeared that the
committee appointed under these by-laws did not con-
firm the plaintiff's inability to work during any part
of the time for which he claimed benefits.   The by-laws
also give the corporation the right to have the sick
person examined by a physician of its own selection,
in order that it might ascertain whether such sick per-
son was unable to work, and was really entitled to re-
lief.   The defendant claims that it had the plaintiff
examined, under these provisions of the by-laws, and
that the report was unfavorable to him.   The by-laws
also provide that the members of the corporation, at
any regular meeting, have the right to determine by a
majority vote of the persons present whether a person
claiming to be sick is, or is not entitled to relief from
said corporation ;  and that at a regular meeting of the
corporation on the 8th of November, 1873, doubts arose
whether the plaintiff was really unable to work, and
entitled to a continuation of his weekly payments ;
and on the 7th of February, upon the various reports
made, the members of the corporation, by a majority
vote, resolved that the plaintiff was not entitled to the
benefits claimed ;  and on the 8th of August, 1874, the
members of said corporation, pursuant to the pro-
visions of its by-laws, tried the plaintiff on a charge of
attempting to deceive the corporation in regard to his

alleged sickness, which various of the members claimed was feigned. The plaintiff was notified of his trial, appeared upon the notice, and joined in the deliberations of the members ; and on such trial, and in his presence, the plaintiff was adjudged guilty of the charges, and expelled from the corporation. The testimony given upon the trial showed that the illness of the plaintiff was received under peculiar circumstances, and that among the remedies employed while attempting a cure were lager beer, and other like stimulants, in lieu of what might seem more appropriate restoratives ; but I think it is sufficient for the purposes of this case to hold that the plaintiff, by becoming a member of the corporation, and subscribing to its constitution and by-laws, voluntarily became bound by their provisions ; and that, having appeared before the meeting at which he was tried, and having joined in the trial, he subjected himself to the jurisdiction of the corporation, and that he cannot now be allowed to complain of the result of the trial in which he himself took so interested a part (See 18 *Abb. Pr.* 271 ; 24 *How. Pr.* 216).

The proceeding on mandamus before Judge LAWRENCE, of the supreme court, does not aid the plaintiff in the present action ; because that adjudication related to a previous trial of which the plaintiff had no notice, and, consequently, no opportunity of being heard ; and Judge LAWRENCE very properly held that such an expulsion was illegal, and that a by-law permitting such expulsion was unreasonable. I agree with him in his conclusions. But in the present instance, notice was given, and the plaintiff actually attended and submitted to the jurisdiction of the corporation, and he is certainly bound by its action on that account, and has no right to complain of the result.

Under these circumstances, I think the action of the corporation is conclusive upon the plaintiff ; and,

upon the evidence and the various reports before refer-red to, I must find for the defendant.

Judgment accordingly.

By-laws must be reasonable (see Buecking *v.* Robert Blum Lodge of Odd Fellows, *post*).   "A by-law, giving a power of amotion for just cause, is a good by-law, though the corporation that made it had no power of amotion expressly given by charter, or claimed by pre-scription (Rex *v.* Richardson, 1 *Burr.* 517; 2 *Kenyon,* 85; see *Angell & Ames on Corp.* § 351 *et seq.,* and cases cited).  A corporation may expel a member for a breach of the corporator's duty toward it (People *v.* N. Y. Com. Assoc., 18 *Abb. Pr.* 271;   People *v.* Young Men's Father Matthew Benev. Soc., 65 *Barb.* 357), but members cannot be expelled on charges without notice and an opportunity of being heard (People *v.* St. Franciscus Benev. Soc., 24 *How. Pr.* 216).

As to right of expulsion from an unincorporated society, see White *v.* Brownell, 2 *Daly,* 329.

As to effect of covenant between members, to arbitrate differ-ences, see 38 *How. Pr.* 168; 8 *Hun,* 216; 17 *Amer. Law Reg. N. S.* 490.

Membership explained, effect of conditions, and who are affected by them (4 *Otto U. S.* 523).

Power to make by-laws, and to repeal them (see *Abb. Dig. of Corp.* pp. 136, 137; *Field on Corp.* § 294).   The work last cited, lays down the rule as follows :  "Incident to, and inherent in every corpora-tion, is the right to make by-laws, to regulate the management of its affairs, and to fulfill the purposes of its institution."

In Murray *v.* St. Columba's R. C. T. A. B. Soc. (argued at N. Y. Supreme Court, special term, Aug. 21, 1878; order entered Aug. 28, 1878), Judge VAN BRUNT held that the court would not, on an applica-tion for a mandamus to re-instate a member expelled for misconduct, look into, or consider the weight of evidence on which the member was expelled, and denied the application.

The holding of business meetings of a benevolent society, or trans-acting its business, on Sunday, is not illegal (65 *Barb.* 357).