## SUPREME COURT.

JOHN H. POULTNEY agt. LEWIS W. BACHMAN, treasurer of Hudson City Lodge No. 142, Independent Order of Odd Fellows of the State of New York.

*Benevolent societies — Rights of their members — Actions by or against associations of seven or more persons — Code of Civil Procedure, section 1919.*

Under section 1919 of the Code of Civil Procedure an action may be maintained by a member of a benevolent society against the treasurer of such society to recover from the funds of the same, certain moneys alleged to be due him by reason of sickness.

The action was brought against a lodge of odd fellows by one of its members to recover "sick benefits" to which he claimed to be entitled. The plaintiff had joined the lodge years ago, when its by-laws provided that in case of sickness every member should receive a specified sum weekly "during his sickness or disability." Another section empowered the lodge to alter or amend the by-laws whenever deemed expedient. After the plaintiff had been taken sick, and while he was in receipt of the weekly sum allowed him, a by-law was passed reducing the amount of the payments from four dollars to one a week:

*Held*, that the lodge was bound to continue paying the plaintiff the full amount to which he was entitled when he became sick.

Although the lodge had the right to change its by-laws, yet, whatever sum any member is entitled to when he is taken sick must be treated as a fixed amount, which cannot be subsequently reduced during the continuance of the sickness. The right to this is a vested right which cannot be annulled or varied while the disability lasts.

*Columbia Circuit, April,* 1881.

*Whitbeck, Barhyte & Hauver,* for plaintiff.

*J. P. Sanders* and *J. M. Welch,* for defendant

Poultney agt. Bachman.

WESTBROOK, *J.*— This action is brought under section 1919 of the Code of Civil Procedure to recover from the fund of the lodge, of which the defendant is treasurer, certain moneys alleged to be due to the plaintiff by reason of sickness, he being a member of such lodge.

The lodge was organized in 1849, and the plaintiff became a member during that year, and subscribed its constitution and by-laws. He was taken sick on October 5, 1875, and has so continued down to the trial. At that time (October 5, 1875), the following by-law (*art. VII, sec. I*) was in force: "Every member, who is not disqualified by article IX of these by-laws, shall, in cases of being rendered incapable by sickness or accident from gaining a livelihood by his individual exertions, be entitled to and receive out of the funds of the lodge, for the first two weeks' sickness two dollars per week; after the first two weeks, if he has attained the scarlet degree, four dollars, otherwise three dollars per week, during his sickness or disability, commencing not more than two weeks anterior to the date of his being reported to the lodge, provided such sickness or disability does not proceed from any immoral conduct on his part, or be occasioned by any constitutional diseases, or bodily infirmity, which shall have been willfully concealed at the time of his admission into the lodge."

When the plaintiff became a member of the lodge the by-laws also contained another and separate section giving the power to " make, alter or amend such by-laws, rules and regulations from time to time, as may be deemed expedient," as in such section is specially provided.

On the 9th day of July, 1878, the section of the by-laws in regard to benefits in cases of sickness above quoted was amended by adding thereto these words, " also provided that in case a brother has been sick, and drawing benefits for twelve months, the lodge shall reduce the same to one dollar."

Up to the passage of the above amendment and for a year thereafter the plaintiff, who had prior to his illness attained

the scarlet degree, was paid at the rate of four dollars per week, but since July 9, 1879, he has been paid only one dollar per week, which sum the plaintiff received under protest, and by this action seeks to recover the remaining three dollars per week, which he alleges to be his due.

To the recovery claimed by plaintiff several objections have been made, which will now be considered :

*First.* It is said that no action can be maintained under section 1919 of the Code, because that section is a mere re-enactment of chapter 258 of the Laws of 1849, and chapter 455 of the Laws of 1851, and it was held, as defendant claims, in *Austin* agt. *Searing* (16 *N. Y.*, 112) by the court of appeals, that these chapters " relate only to those associations or companies which are authorized by acts of the legislature, for the various purposes of banking, insurance, railroads, plankroads, &c., with which our statute books abound since the year 1838."

A reference to the case of *Austin* agt. *Searing* will show that no such conclusion was reached by the court, though that was the opinion of judge SHANKLAND, one of the judges composing it. The syllabus of the reporter expressly states that as to that proposition the court were in doubt and did not decide it.

In *Tibbetts* agt. *Blood* (21 *Barb.*, 650), and in *De Witt* agt. *Chandler* (11 *Abb. Pr. R.*, 459), two general terms of this court have held that the acts referred to did cover associations precisely similar to that one of which the defendant is treasurer ; and Mr. Throop, in his note to section 1919 of the Code, expressly states that " in remodelling the provision, these two decisions of the supreme court have been followed." Indeed, the language of the section is so full and clear that the simple reading thereof is a complete answer to the objection we are now considering. The action, according to its terms, can be maintained " against the president or treasurer of such an association to recover any property, or upon any cause of action for or upon which the plaintiff may maintain such an action or special proceeding against all the associates,

Poultney agt. Bachman.

by reason of their interest or ownership, or claim of owner-
ship therein, either jointly or in common, or their liability
therefor, either jointly or severally." It cannot be denied
that the funds of the lodge of which the defendant is
treasurer are the property of the members thereof, or at least
that they have an "interest" therein, either jointly or in
common. It is at this fund that the action is aimed, for
the by-law which has been given provides that, if the plaintiff
is entitled to any relief, it is to be received "out of the funds
of the lodge." Without the provision of the Code the plain-
tiff would be compelled to make all his associates who either
have in fact or claim to have an interest in the fund of which
the plaintiff seeks a part, parties to the action, and to meet
just such a difficulty, as well as for other reasons, it was
enacted. It is true that the action is not brought to enforce
a personal liability against members of the association, but it
is brought to recover "property" in which such associates
both have and claim an interest against the plaintiff, and it is
therefore clearly authorized.

*Second.* It is claimed that the plaintiff has no standing in
court to recover by action, but was bound by the constitution
and by-laws of the lodge of which he was a member to
appeal to the grand lodge of the state.

This objection is fully answered by the case of *Austin* agt.
*Searing* (16 *N. Y.*, 112) before referred to. It was there
held that "an agreement by which the members of an associa-
tion undertake to confer judicial powers in respect to the
property in which they have a common interest upon a body
of men or officers, to be from time to time selected out of the
association at large, as a tribunal having general authority to
adjudicate upon alleged violations of the rules of the associa-
tion, and to decree a forfeiture of the rights to such property
of the parties adjudged to have been guilty of such violation,
is void" (*See opinion of* SELDEN, *J., pp.* 122, 123, *and of*
BROWN, *J., pp.* 124, 125).

*Third.* It is urged that the change of the by-law confer-

ring benefits affects the plaintiff, and limits the amount to be obtained by him to one dollar per week.

The argument by which this proposition is sought to be established is, that when the plaintiff became a member of the lodge it had a by-law in force which authorized its members to change, alter or repeal it, or any other by-law, and that the obligation to pay benefits was consequently subject to such power of alteration. Is this reasoning sound?

*First.* The right of the lodge to change its by-laws is undoubted, but the powers thereby reserved must be exercised in a reasonable manner, and the clause conferring it must receive a reasonable interpretation. It must not be forgotten that the by-law which gives the benefit to a member in case of sickness or disability is absolute in its terms, and there is nothing in its language to indicate that either its continuance or its amount is dependent upon the caprice of two-thirds of the members of the lodge. The power to change the amount, if it exists at all, is conferred by a separate and independent section. The question, therefore, which this action presents is not, can the plaintiff recover, when the amount which he demands was, in the words of the promise, payable only at the pleasure of his associates? but it is, can he obtain it, when it was unqualifiedly promised, in spite of the attempted repudiation of the promise, under a power claimed to be conferred by a separate provision authorizing the change of any by-law?

When the plaintiff was taken ill he had been for many years aiding to create, by the payment of assessments and dues, a fund, out of which, by the express terms of the by-law then in force, he was entitled to receive "for the first two weeks' sickness two dollars per week," and "after the first two weeks * * * four dollars * * * per week, *during his sickness or disability.*" By the happening of the contingency provided for — the sickness — the plaintiff's right to that sum — four dollars per week — "during his sickness or disability," became a vested one, of which he could not be deprived. The

contract is to be interpreted like any other contract of insurance, in which, as a rule, is incorporated a clause giving either the insured or insurer the right to end the risk. It would certainly be a somewhat novel construction of the clause conferring such power of termination, to hold, that, after a loss has occurred to the insured, against which the agreement was to protect, the payment of the sum stipulated for could be either reduced or repudiated by the insurer. Yet this, as it seems to me, is the precise position assumed by the defendant. Upon his becoming sick, as has been before stated, the plaintiff's right to four dollars per week during the continuance of his illness became a vested one, and it would be most unreasonable and unconscientious so to construe the by-law giving the power of amendment, as to confer upon the members of the lodge the authority to deprive him of that to which he he had thus become clearly entitled. It is no answer to this argument to say, that the plaintiff has not been wholly deprived of benefits, for if the right to change and alter the by-laws confers the power to reduce the sum stipulated for in the case of sickness after its commencement, then the power is also conferred immediately after a member becomes ill to repeal entirely the by-law conferring benefits, and thus the very object which he had in view in uniting with the lodge can be defeated. There is no distinction in principle between an attempt under a by-law (by which as the defendant claims the power so to do is conferred) to reduce the amount of insurance in case of loss, and its entire repudiation. The defendant became liable to the full extent of the sum stipulated to be paid, and the withholding of a part agreed to be paid is just as contrary to the spirit and terms of the agreement as the retention of the whole.

The construction, therefore, of the power to amend the by-laws claimed by the defense cannot be adopted, because: 1st. It deprives the plaintiff of a sum of money which has become due to him; 2d. It is, therefore, an unreasonable construction of the by-law; and 3d. If sound, it enables an

association, such as the one of which the defendant is treasurer, to defeat one of the professed purposes of its organization, and to commit a fraud upon those who rely upon its engagements.

*Second.* The amendment to the by-laws should not be construed so as to have a retroactive operation.

It is true that its language is capable of such a construction, but like any law or statute it should not receive it unless incapable of any other. The language of the amendment is: "Also, provided, that in case a brother has been sick, and drawing benefits for twelve months, the lodge shall reduce the same to one dollar per week." It is not declared, in express and plain words, that this amendment shall apply to the case of a member, who was upon the sick list at the time of its adoption, and without such a declaration explicitly made, it should not be so construed.

*Third.* Both propositions, which have just been stated as answers to the claim of the defendant, that the plaintiff can only recover the reduced amount of benefits, are maintained in *Gundlach* agt. *Germania Mechanics' Association* (4 *Hun,* 339).

In that case the articles of association provided: "Upon the death of one, who has been a member of the association for six months last prior to his death, his widow shall be entitled to receive the sum of four dollars monthly during widowhood."

The plaintiff's husband and the husbands of her assignors died, after a membership of six months immediately prior to their decease. The articles of the association, when such deceased became members, also declared: "A revision or alteration of the articles of the association can be made at a general meeting of the members thereof, by a majority of the votes of the members present."

Subsequent to the decease of such members the association revised and altered the article conferring the benefits upon widows of members so as to read as follows: "Upon the death

of a member each person who may be a member of the society shall pay to the widow of the deceased member the sum of one dollar."

The adoption of the revised article having been interposed as a defense to the action brought to recover the sum stipulated to be paid by the article in force at the time of the death, upon the review of the case at general term the court (*per* MORGAN, *J.*, *pp.* 341, 342) said: "It must be conceded, I think, that the provision in favor of the plaintiff was in all respects binding as a contract between the association and her husband. The association undertook to pay to the widow a monthly allowance after his death, if at the time of his death he was a member and had been such member for the preceding six months. After his death it is not perceived how the association can by adopting a new article or by repealing the old one relieve itself from this obligation. But independent of this consideration it is safe to say that the new article does not, in form or substance, attempt to repudiate its obligations where they had already become fixed by the death of one of its members."

I have not found any case in this state criticising or reversing that just cited, nor have I been referred to any. It is clearly decisive of the one now being considered, and is, in my judgment, sound in all its conclusions. The power of alteration of the articles of association 'was as distinctly and clearly reserved in *Gundlach* agt. *Germania Mechanics' Association* as it was by the lodge of which the defendant is treasurer; and such power of alteration was as applicable to the case of a widow whose husband had died during membership as to that of the individual who is entitled to a weekly allowance upon becoming sick. There is no difference in principle between the two cases, and if in the one it was good law to say that after the death of the husband "it is not perceived how the association can by adopting a new article or by repealing the old one relieve itself from " the obligation of paying to the widow the sum which the article in force at the

time of the death stipulated should be paid, then.it is also legally correct to say of the present action it is not perceived how the by-law in force at the time of the plaintiff's illness can be modified or repealed so as to deprive him of the benefits for which it expressly provided. And it is also true of the association, defendant in this case, as it was of the one in the other, that the amended by-law does not by plain words "repudiate its obligations when they had already become fixed."

The plaintiff is entitled to recover the balance due to him according to the by-law in force at the time he became sick and disabled.