JAY WICKS, AS TREASURER OF LOCAL ASSEMBLY No. 4119 OF THE KNIGHTS OF LABOR, RESPONDENT, *v.* EDWARD H. MONIHAN AND JOHN C. STACK, APPELLANTS.

*A promissory note payable to the trustees and treasurer of a local assembly, an unincorporated body, belongs to that body, and may be sued upon by its treasurer— right of several local associations to confer judicial authority, to adjudge upon questions affecting property interests, upon an executive board selected by the general association to which the local bodies are subordinate.*

In an action, brought on a note of $500 made by the defendants, November 23, 1886, to the order of William Perry, William Ryland, John Silber, trustees, and Jay Wicks, treasurer of Local Assembly No. 4119 of the Knights of Labor, it appeared that the assembly was an unincorporated association, consisting of more than seven persons, located at Amsterdam, and that the plaintiff was at that time, and is now, the treasurer of the said association; that the consideration of the said note was $500, the money of the said local assembly, which was advanced to the defendants, and that the note was delivered to the said assembly by a delivery thereof to its treasurer.

*Held,* that no indorsement was necessary by the trustees named in the note or the treasurer; that the note became the property of the said local assembly, and that an action could be properly brought thereon by its treasurer under section 1919 of the Code of Civil Procedure.

It was claimed by the defendants that the said Local Assembly No. 4119 was attached and belonged to District Assembly No. 126 of the Knights of Labor and was one of the local assemblies of which said district assembly was composed, and that the said district assembly was attached to and under the jurisdiction of the general assembly of the Knights of Labor; that on or about May 28, 1887, the said District Assembly No. 126 and the said Local Assembly No. 4119 were duly and regularly suspended by the general executive board of the order known as the Knights of Labor, to which board the said local and district assemblies were subject and over which the said general board had jurisdiction, and that under and pursuant to the provisions of the constitution and by-laws of the order of the Knights of Labor, upon the suspension of such local assembly and the revoking of its charter, all of its property, including the promissory note referred to in the complaint, immediately vested in and became the property of the general secretary of the said executive board.

*Held,* that assuming that the defendants were in a position to assert such a defense against the payee, to whom such note was made payable and was delivered, that it was not maintainable.

That an arrangement by which members of an association undertake to confer judicial power, in respect to the property in which they have a common interest, upon officers to be from time to time selected out of the association at large as a tribunal having general authority to adjudicate upon alleged violations of the rules of the association and to decree the forfeiture of the property rights of the parties adjudged to be guilty of such violation, is void.

*Austin* v. *Searing* (16 N. Y., 112) followed; *Poultney* v. *Bachman* (31 Hun, 49); *Lafond* v. *Deems* (81 N. Y., 508) distinguished.

APPEAL by the defendants from a judgment entered, on the report of a referee, in the office of the clerk of Montgomery county, on August 7, 1888, in favor of the plaintiff.

*Edward J. Meegan,* for the appellants.

*C. S. Nisbet,* for the respondent.

PUTNAM, J. :

The action was brought on a note of $500 made by defendants November 23, 1886, to the order of William Perry, William Ryland, John Silber, trustees, and Jay Wicks, treasurer of Local Assembly No. 4119 of the Knights of Labor, alleged to be an unincorporated association consisting of more than seven persons, located at Amsterdam, N. Y., which was in existence on November 1, 1886, and continued until the trial of the action. Plaintiff is, and during all said time was, treasurer of said association. The action is brought pursuant to section 1919 of the Civil Code. There was sufficient evidence given before the referee to sustain his findings as to the

making and delivery of the note; that Local Assembly No. 4119 existed from November 1, 1886, to the date of his report; that plaintiff was during that time its treasurer; that the consideration of said note was $500 in the money of said local assembly advanced, and that said note was delivered to said assembly by a delivery thereof to its treasurer. The note having been given and delivered, for money advanced to the makers by Local Assembly No. 4119, to plaintiff as treasurer of said assembly, became its property. (See *National Bank* v. *Hall*, 44 N. Y., 395; *Wayne County Savings Bank* v. *Low*, 6 Abb. N. C., 90, 91.) No indorsement was necessary by the trustees named in the note, or treasurer. The action was brought by the owners of the note to whom it had been delivered, and could be brought properly by the local assembly in the name of its treasurer under section 1919 of the Code of Civil Procedure. Hence plaintiff was justly entitled to recover in the action, unless the defense set up in the answer, and insisted upon on the trial by defendants, that plaintiff was not the real owner of the note was substantiated.

It was claimed by defendants that at and prior to May 27, 1887, and when the note was given, there was an unincorporated association of more than seven persons at Amsterdam known as Local Assembly No. 4119 of the Knights of Labor. That the plaintiff was the treasurer thereof, and that William Perry, William Ryland and John Silber were the trustees thereof. That at and prior to May 28, 1887, said Local Assembly No. 4119 was attached and belonged to District Assembly No. 126 of the Knights of Labor, and was one of the local assemblies of which said district assembly was composed. That said district assembly was attached to and under the jurisdiction of the general assembly of the Knights of Labor. That on or about May 28, 1887, said District Assembly No. 126 and said Local Assembly No. 4119 of the Knights of Labor were duly and regularly suspended by the general executive board of the order known as the Knights of Labor, to which board said local assembly and said district assembly were subject, and over which said board had jurisdiction and control, under and pursuant to the provisions of the constitution and by-laws of the order of the Knights of Labor to which said local assembly and plaintiff herein are subject. That upon the suspension of said local assembly, and the revoking of its

charter as aforesaid, all of the property, including the promissory note referred to in the complaint, of said local assembly, immediately vested in, belonged to and became the property of the general secretary of said executive board, and said general secretary thereupon became entitled to the immediate possession thereof.

Defendants on the trial introduced evidence tending to show or showing the suspension of Local Assembly No. 4119 by the general executive board of the Knights of Labor, and the rules, regulations, by-laws and constitution of said Knights of Labor, and that by said constitution and by-laws, on suspension of a local assembly, its property became forfeited and vested in the general secretary of the executive board. And defendants insist that by such suspension of Local Assembly No. 4119 its title to the note in question ceased, and the note became the property of the general secretary of the executive board of the Knights of Labor, pursuant to the constitution and by-laws of said organization, and, therefore, when the action was commenced plaintiff was not the owner and holder of the note in suit. It is not denied that when plaintiff took the note it was a valid unincorporated association, and that it advanced the money which was the consideration of the note, and *at that time* was the legal owner and holder thereof. But it is alleged that, by the suspension of said local assembly by the general assembly in the following year, plaintiff forfeited all its property, including said note, to the general secretary of the executive board, and that such suspension at once worked a transfer of the title of said note.

Assuming that defendants are in a position to assert such a defense against the payee to whom said note was made and delivered, and who, as holder, produced it on the trial, yet it is settled in this State "that an agreement by which members of an association undertake to confer judicial powers in respect to the property in which they have a common interest upon * * * officers to be from time to time selected out of the association at large, as a tribunal having general authority to adjudicate upon alleged violations of the rules of the association, and to decree a forfeiture of the right to such property of the parties adjudged to be guilty of such violations, is void." (See *Austin* v. *Searing*, 16 N. Y., 112; *N. Y. Protection Association* v. *McGrath*, 23 N. Y. St. Rep., 209.)

The case of *Austin* v. *Searing* (*supra*), holds the doctrine above quoted, applying it to a voluntary unincorporated association, and to an attempt by that association to forfeit the property of some of its members, as it is claimed by the defendants that the general assembly in this case did forfeit the property of Local Assembly No. 4119. The claim by the defendants in this action is fully discussed and answered by the able opinion of Justice SELDEN delivered in that case. (See pages 118–123 and opinion of Justice BROWN, pages 124, 125.)

Plaintiff having advanced its money to defendants and received the note in suit, of which it became the owner and holder, the general assembly cannot confiscate the property. As said by Justice BROWN in *Austin* v. *Searing*: "The by-laws and regulations of these voluntary associations may all be very well in their place and sphere, * * * they cannot, however, have the force of law, nor impair or affect the rights of property against the will of its real owners. * * * The confiscation and forfeiture of property is an act of sovereign power; and the aid of this or any other court will not be rendered to enforce such proceedings or to recognize legal or supposed legal rights founded upon them."

The cases of *Poultney* v. *Bachman* (31 Hun, 49) and *Lafond* v. *Deems* (81 N. Y., 508), cited by defendants, are not parallel cases. Those were actions between voluntary associations and members, involving the construction and validity of by-laws of the association and the regularity of its proceedings, and it was held that before a member could maintain an action he must exhaust his remedy by appeal within the association. In this case plaintiff has been suspended, has ceased to be a member of the organization, and hence cannot appeal. It cannot appeal, because on the only question involved between it and defendants the appellate tribunal has already decided against it — has decided that plaintiff is not the owner of the note in suit.

This view of the case disposes of the greater part of the exceptions of defendants to the findings of the referee and refusals to find. The exceptions of defendants we do not deem important or that the evidence received or excluded could have affected the result. We think there was no defense to the action. The defendants, for value,

gave their note to the plaintiff, who then became and ever since has been the owner thereof and is entitled to recover.

The judgment should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.