### WELLS *v.* MONIHAN *et al.*

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

1. ASSOCIATIONS—RIGHT TO SUE—REVOCATION OF CHARTER.
   Under Code Civil Proc. N. Y. § 1919, providing that the president or treasurer of an unincorporated association of seven or more persons may sue on any cause of action accruing to all of the associates, the right of the treasurer of such an associ-

ation, formed in pursuance of a charter granted by a general organization of such associations, to sue upon a note executed to such treasurer, is not impaired by an order of the executive board of the general organization, revoking such charter.

2. PROMISSORY NOTE—VALIDITY—CONSIDERATION.

A note in the following form: "I, the undersigned, promise to pay, six months after date, the sum of $500, which was received by the Local Executive Board, K. of L., from Excelsior Assembly 4,120, K. of L., to Excelsior A. 4,120, or their treasurer,"—does not appear on its face to be an undertaking of the maker collateral to the liability of some other person, and is not void under the statute of frauds for failure to state the consideration.

3. ASSOCIATIONS—REVOCATION OF CHARTER—PROPERTY RIGHTS.

A decree of the general assembly of the Knights of Labor annulling the charter of a local assembly of that organization can have no effect upon the rights or title of said local assembly in and to any property which it may have acquired, and will not be recognized or enforced by the courts.

Appeal from judgment on report of referee.

Action in the name of Theresa Wells, treasurer of Excelsior Assembly No. 4,120 of the Knights of Labor, said assembly being an unincorporated association consisting of more than seven persons, against Edward Monihan and John Stack. At the trial, testimony of said Theresa Wells and others, witnesses for plaintiff, as to who were members of the association, and what members were present at meetings thereof, was admitted against defendants' objection that the best evidence was the records of the association; also testimony that plaintiff was elected treasurer,—it appearing that the minutes of the election had been burned. Defendants appeal from a judgment for plaintiff entered upon trial before a referee. Code Civil Proc. N. Y. § 1919, provides that "an action * * * may be maintained by the president or treasurer of an unincorporated association consisting of seven or more persons * * * upon any cause of action for or upon which all the associates may maintain such an action or special proceeding by reason of their interest or ownership therein."

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*N. H. Anibal,* (*E. J. Meegan,* of counsel,) for appellants. *George S. Devendorf,* (*Charles S. Nisbet,* of counsel,) for respondent.

LEARNED, P. J. This is an appeal by the defendants from judgment on the report of a referee in an action brought upon a promissory note made by the defendant. This action is brought by the plaintiff as treasurer of an unincorporated association consisting of seven or more, known as "Excelsior Assembly No. 4,120 of the Knights of Labor." This association was formed in pursuance of what is called a "warrant charter," issued by the general assembly of the Knights of Labor in August, 1885. It is shown that on May 26, 1887, a circular letter was issued by the general executive board, stating that they had revoked this charter. The defendant produced a book called a "record of the decisions of the general master workman," and read therefrom certain so-called "decisions." They do not seem to be decisions of any controversy made on a hearing of parties, but to be in the nature of by-laws or additions to the constitution. We are unable to see how the authority to lay down such by-laws is obtained. One of these so-called "decisions" states that a local assembly which refuses to obey the lawful command of the general executive board may be suspended; but, on examining the constitution for the powers of this board, we do not discover such power of suspension. We do not, however, deem it necessary to decide on the validity of the action of this board. Certainly a number of persons amounting to seven or more may associate without obtaining the permission of any other body; and when they have thus associated, and have a president and treasurer, they may sue in the name of either of said officers. If they can do this without the consent of any other body, clearly no other body can take away the right given by statute to sue in this manner. If it be claimed that on this annulling of the charter the

property is to be forwarded to some general secretary, that question is not to be tried in this action. *Wicks* v. *Monihan,* 8 N. Y. Supp. 121. Whatever the board did, we suppose that the association of seven or more persons might still remain so far as to permit the plaintiff to bring the action. Section 1919, Code Civil Proc., is very extensive in its application. Any company of persons which has a president or treasurer is an association under that section. And the persons who form this association of which plaintiff is treasurer are not annulled, even if their charter is. The note in suit is as follows:

"AMSTERDAM, N. Y., Nov. 26, '86.

"I, the undersigned, promise to pay, 6 months after date, the sum of $500, which was received by the Local Executive Board, K. of L., from Excelsior Assembly 4,120, K. of L., to Excelsior A. 4,120, or their treasurer.

"E. H. MONIHAN.

"JOHN STACK."

The defendant insists that this note is void under the statute of frauds, in that it is a promise to pay the debt of another, and the consideration does not appear. But the note does not show on its face that it is necessarily a promise to pay the debt of another. It is true that its consideration is expressed to be the receipt of money by the local executive board; but the money may have been borrowed by the makers of the note, although received by some other person. The borrowers of the money could request that it be delivered to another person, and it might be that such other person would be under no liability to the lender. In the case of *Carnright* v. *Gray,* 11 N. Y. Supp. 278, (decided in this court, September, 1890,) it was held that, even in the case of a non-negotiable promissory note sued upon by the payee, it was not necessary that a consideration should be expressed, or, in the first instance, proved. Under that decision, therefore, the statement of the receipt of the money contained in the note in question was not necessary to the validity of the note, for there can be no doubt that the instrument in question is a promissory note, as it is an absolute promise to pay a certain sum of money at a definite time. That it is payable to the assembly or their treasurer does not make it payable to one or the other of two persons. The words "or their treasurer" are either surplusage or declarative of the agent by whom the payee will receive payment. The defendants, then, can only insist that such statement shows on the face that the note is a collateral undertaking to the liability of some other person. We think that that does not appear on the face of the note. The referee has found as a fact that the consideration of the note was $500, paid and advanced on or about the date of the note to the defendants by Excelsior Assembly No. 4,120. The defendants say that this finding is erroneous. It appears that at a meeting of this assembly, November 24th, an application was made by the executive board K. of L. textile workers for a loan of $500, which it was voted to grant. The plaintiff testifies that she was directed by the master workman to pay the money to Monihan; that she had an interview with defendant Monihan; that he signed the note, and obtained the signature of defendant Stack, delivered the note to her, and she paid him the money. The defendant Monihan denies that the money was paid to him. One Sheeby also says that he was present when the money was received, and that defendants were not present, as he saw. There is a conflict of testimony upon this point; but it is quite possible that, while the assembly No. 4,120 was willing to part with its money to be used by the other body, it was not willing to part with it except by lending it to some responsible person, and not trusting to the very indefinite responsibility of an executive board. It does not appear that there was any promise by the executive board to repay. Of course, if the loan were made to that board, an obligation to repay would arise without an express promise. But it is quite possible, as the referee finds, that the loan was really made to these defendants, although they borrowed the money for the use of the executive board. So at

least the note implies.   This seems to have been the view of the plaintiff, and we think that the finding of fact of the referee as to the actual transaction has evidence to support it, and should be sustained.

Any claim that by the alleged annulling of the so-called "charter" the assembly was deprived of its property is disposed of by *Austin* v. *Searing*, 16 N. Y. 112.   It is of course true that an agreement without a consideration will not be enforced.   The defendants insist that this is an agreement to answer for the debt of another, and that to make such an agreement valid the consideration must be expressed therein.   We do not think it necessary to pass on this question for reasons above stated.   But we do not understand the decisions cited by the defendants to hold that where the consideration is executed it must necessarily be expressed.   Thus it is said of the contract: "It must show on its face what the whole agreement is, so far as the same is executory, and remains to be performed, and rests on unfulfilled promises." *Drake* v. *Seaman*, 97 N. Y. 234.   Again: "The existence or acknowledgment of the existence of a legal consideration is absolutely indispensable."   *Barney* v. *Forbes*, 118 N. Y. 585, 23 N. E. Rep. 890.   We have examined the question raised by the defendants as to admission of evidence against their objection.   We do not think there was any material error.   The judgment is affirmed, with costs.   All concur.