THOMAS KENNEDY, as Treasurer of United Mine Workers of America, Appellant, *v.* CHARLES F. SCHROEDER et al., Formerly the President, Vice-Presidents, Recording Secretary and a Trustee, Respectively, of Local 12165 of United Mine Workers of America, et al., Respondents, et al., Defendants.

First Department, April 9, 1943.

*Abraham Schlesinger* of counsel (*Nathan L. Schoichet* with him on the brief; *Emil Schlesinger* and *Abraham Schlesinger,* attorneys), for appellant.

*Milton Paulson* of counsel (*Abraham L. Pomerantz* and *Alexander E. Racolin* with him on the brief; *Milton Paulson* and *Abraham L. Pomerantz,* attorneys for respondents Schroeder,

Drucker, Zak, Brody and Machlis; *Alexander E. Racolin,* attorney for respondent Stern; *Martin Siegelbaum,* attorney for respondent Finver), for respondents.

*Per Curiam.* This is an action by a parent union to replevy property of one of its locals. The plaintiff revoked the charter of the local, apparently solely on the action of plaintiff's president, without notice or hearing of charges. The International constitution gave the president that power, but provided for an appeal from the revocation. The constitution further provided that upon revocation of a charter, the property of the local should be taken over by the International.

Special term held that there was a deprivation of due process and an unlawful forfeiture of property rights by the revocation without a hearing.

Without passing on these questions, we deem it improper to award summary judgment dismissing the complaint on the present record. Defendants' affidavits in support of their motion for dismissal attacked only those allegations of the complaint which alleged that a hearing had been afforded defendants after due notice of charges. In their brief they signify their willingness to admit all other allegations of the complaint. Included in the complaint are allegations to the effect that local unions are mere instrumentalities created for the convenience of the International, and that all property acquired by local unions is held in trust for the International. Despite their avowal of willingness to concede such allegations, defendants argue that the provisions of the International constitution did not create any trust in favor of plaintiff as to property held by a local.

We think that the important questions presented by this appeal should not be disposed of on a record of the present nature. That there was no notice of charges and opportunity to be heard before forfeiture of the charter is not the sole factor involved herein. The principal issue is whether plaintiff or defendants have title to or right to possession of the chattels sought to be replevied. That question might depend to some extent on the rights of the defendants concerning ownership of property while its charter was intact. The present record affords no light on those powers. Whether defendants had an unqualified right of ownership or merely were authorized to act as an instrumentality holding property in trust for plaintiff, might have an important bearing on the question as to whether the provisions of the constitution for the taking over of property without a

hearing, deprived defendants of due process, or was against public policy as working a forfeiture. (See *Austin* v. *Searing*, 16 N. Y. 112; *Wicks* v. *Monihan*, 130 N. Y. 232.)

The charter issued to defendants or other proof may throw some light on the question of defendants' powers.

While upon the present record there appears to be no issue of fact concerning the giving of notice or hearing of charges before revocation, there are issues of fact affecting the legal questions presented which are not properly developed.

The order and judgment should be reversed, with costs, and the motion denied, with leave to renew on proper papers.

MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied, with leave to renew on proper papers.