## JAMES C. CONKLING

*v.*

## THE CITY OF SPRINGFIELD.

1. CONSTRUCTION OF A CONTRACT. Conkling proposed to donate the ground for the extension of a certain street in the city of Springfield, on the condition that the city would immediately proceed to open said street, by establishing the grade along the ground donated, "and cutting down the street to said grade, and removing all the dirt forty-two feet on each side of the center of said street, and depositing the dirt on the low ground on the land of said Conkling, on each side of the sewer." This proposition was accepted by the city. The contract thus created was construed to mean that the city should deposit, on the low ground of Conkling, not merely the surplus dirt which might be excavated, and which might remain after bringing certain low portions of the street to grade, but all the dirt which should be excavated in opening the street, excluding the use of any portion of it for any other purpose.

2. CONDITIONS—*when accepted must be performed.* Where a party proposes to donate ground to a city, for public purposes, upon certain conditions, and the city accepts the proposition, it accepts the conditions also, and must comply with them. The city cannot change the terms of the contract, omitting some of the conditions, and substituting others in their stead.

3. DONATION TO THE PUBLIC—*conditions not complied with.* Where a party gives ground to a city for a public street, upon certain conditions to be performed by the city, and the city begins to open the street, but refuses to comply with the conditions, the donation will not take effect, and the owner may resume the possession of the ground and re-inclose it.

APPEAL from the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was a suit in chancery instituted in the court below, by James C. Conkling, to enjoin the opening of a street in the city of Springfield. An injunction was awarded, which, on the final hearing, was dissolved, and the bill dismissed. Thereupon the complainant took this appeal.

The grounds of objection to the decree of the court below are fully set forth in the opinion of the court.

Messrs. HAY & CULLOM, for the appellant.

Mr. WM. H. HERNDON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed to enjoin the opening of a street in Springfield; and the whole controversy turns upon the true construction of the proposition made by appellant, to give the ground to the city for a street, on certain conditions. The proposition was in writing, and is this:

" *To the Council of the city of Springfield:*

" GENTLEMEN: I propose to donate the ground for a street by the extension of Lewis street from Washington street to Jefferson street, in the city of Springfield, upon the following conditions: That the city of Springfield will proceed immediately to open said street, by establishing the grade from Washington to Jefferson streets, and cutting down the street to said grade, from the corner north of the north-east corner of Hutchinson's cemetery, and removing all the dirt forty-two feet on each side of the center of said street, and depositing the dirt on the low ground on the land of James C. Conkling, on each side of the sewer. That the city will commence cutting down the street on Thursday, December 10, 1863, and complete the undertaking immediately if the weather continues favorable. That if the city leave the job unfinished, so that said James C. Conkling shall be obliged to finish it or inclose his grounds again, the city will pay all damages for removing and resetting fences and any other damage that may result from not opening said street. If the city shall leave the job unfinished, provided the weather is favorable for completing the undertaking, then there shall be no dedication of said street by said Conkling, but he may reset his fences as before."

The city accepted the proposition and proceeded with the work after establishing the grade, and, in removing the earth, used it to fill the street up to grade, only depositing one hundred yards, all that remained of eighteen hundred yards which were excavated, on the land of complainant, at the place designated. The city authorities contend that a proper interpretation of the proposition only required them to deposit the surplus earth which it was necessary to remove on the lots of appellant, and not all that was excavated. The language he employed in the proposition, it will be observed, requires the city to open the street, " and removing all the dirt forty-two feet on each side of the center of said street, and depositing the dirt on the low ground on the land of James C. Conkling, on each side of the sewer." There is not the slightest reference to a surplus, but it in terms refers to removing all of the earth, and it explicitly declares where the earth shall be deposited, not to what shall remain after bringing the street to grade. The language is that, after establishing the grade, not after bringing it to grade, they shall open it, removing the earth and depositing it on appellant's low land, near the sewer. It is difficult to perceive how language more definite and explicit could have been employed, unless it had negatively stated that no portion of the earth which might be excavated should be deposited in the street. And whilst such language might have been more explicit in terms, we do not perceive that it would in meaning. It declared that all of the earth removed should be deposited at a specified place, and that not in the street.

On this construction, the city seem to have commenced the work, as one of the officers, about the time the work was commenced, asked appellant where the earth should be placed, and after being informed, he directed the workmen to place it there. They, however, seem afterward to have adopted the other construction, and to have opened the street differently.

When he proposed to give the ground to the city, he had the undoubted right to impose such terms and conditions as he chose. The city had an equal right to accept or reject them. But, having accepted them, they were bound to comply with

the conditions imposed, and could not change the terms of the contract by omitting some of the conditions and substituting others in their stead. Had they believed the terms were hard and unreasonable, they could have rejected the proposition and have proceeded under the law to have acquired the right of way by paying the damages which might have been assessed, or have purchased it from appellant, and paid him the money. The city having violated the conditions, or rather having refused to perform them, the donation did not take effect, and appellant had the right to inclose the ground.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*