(115 App. Div. 303)

HOSMER v. TIFFANY et ux.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. BANKRUPTCY—FRAUDULENT TRANSFERS—CONSIDERATION—EVIDENCE.

In an action by a trustee in bankruptcy to set aside a transfer by the bankrupt to his wife in consideration of their marriage, the trustee was entitled to prove that the wife had a husband living, and was incapable of entering into a marriage contract, thereby showing that there was no consideration for the transfer.

2. HUSBAND AND WIFE—MARRIAGE SETTLEMENTS—CONSIDERATION.

Where a woman, capable of entering into a marriage contract, acting on the assumption that a man is capable of making a valid contract of

marriage, makes a contract to marry him, her promise is a good considera-
tion to support an agreement by him to make a marriage settlement.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and
Wife, § 162.]

O'Brien, P. J., and Houghton, J,. dissenting in part.

Appeal from Special Term, New York County.

Action by Edward S. Hosmer as trustee in bankruptcy of Burnett
Y. Tiffany against Burnett Y. Tiffany and another. From a judg-
ment dismissing the complaint on the decision of the court, plaintiff
appeals. Reversed, and new trial granted.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE,
HOUGHTON, and SCOTT, JJ.

L. M. Berkeley, for appellant.

Harry G. Kosch, for respondents.

HOUGHTON, J. The defendant Burnett Y. Tiffany is a bank-
rupt, and the plaintiff is his trustee in bankruptcy. The action is
brought to set aside a transfer of household furniture and furnish-
ings made by the bankrupt to defendant Lucille A. Tiffany, of up-
wards of $30,000 in value. The creditors of the bankrupt, whom the
plaintiff represents, are the various dealers who supplied these furnish-
ing on credit. As fast as they were purchased and delivered at the house
occupied by defendants, the defendant Lucille claims that they were
transferred to her, and that she is now the owner of them. Although
the defendant Burnett, at the time of the purchase, had and now has
no property which can be reached for the payment of the purchase
price of these articles, the transfer is attempted to be justified on the
ground that the bankrupt made an antenuptial verbal promise in con-
sideration of an immediate marriage, to present his wife with a fur-
nished home. The defendants had agreed to marry, but no date for
the ceremony had been fixed; and it is claimed that the date was fixed
and the ceremony performed in pursuance of this promise, which the
defendant Burnett immediately after the marriage began to fulfill by
the purchase on credit, of the household furniture which the wife now
claims. The testimony of defendant Burnett hardly meets this claim,
for it is, in substance, that he told the defendant Lucille if she would
marry him immediately he would provide a furnished home for her,
and that he gave the furniture to her as fast as it was purchased. The
defendant Lucille testifies more strongly, and says that she told Bur-
nett that she was tired of boarding, and would not marry him unless
he would furnish and give to her a home in which she might begin
housekeeping, and that he agreed so to do; and that she carried out
her part by fixing an early date for the marriage ceremony. What-
ever else may be said, it must be conceded that if this transaction can
be sustained as against the creditors of the bankrupt, the defendants
exhibited a remarkably provident foresight in obtaining a luxurious-
ly furnished home without the expenditure of any money. Comment,
however, upon the merits of the action is unnecessary, because we are
of the opinion that this judgment must be reversed for error in the
exclusion of evidence.

The only consideration for the transfer was the marriage between the defendants. The plaintiff, by cross-examination of defendant Lucille, sought to show that she had a husband living when the alleged agreement for a marriage settlement was made, and, inferentially, when the marriage ceremony took place. This evidence was excluded. If she could not legally carry out her contract to marry, the consideration for the marriage settlement failed, notwithstanding a ceremonial marriage was had. The consideration was open to attack, and this was one proper method of attacking it. This court has recently held that such evidence under similar circumstances, was proper, as it manifestly is. Howe v. Hagan, 110 App. Div. 392, 97 N. Y. Supp. 86. So, too, the plaintiff sought to show that defendant Burnett had no right to contract a legal marriage by proving that he had, at the time the ceremony with the present defendant was performed, a living wife to whom he was married in the state of New York, since which time he had continuously been a resident of this state; and that, by substituted service in an action in which he did not appear, she obtained a divorce on the ground of desertion in the state of Rhode Island. An exemplified copy of the record in this action for divorce in that state was permitted to be received in evidence, but only for the purpose of showing that it was in fact a binding and effectual decree of divorce. The learned trial court refused to consider its validity or receive it for any purpose except to show that the defendant had the right to contract a subsequent marriage. We think the court erred, and that the plaintiff was entitled to have the validity of that divorce determined. If it was a valid judgment then the defendant had a right to remarry. If it was a void decree, he did not. It is urged that its validity is not open to collateral attack in this action. If it was no judgment, and if it was a void decree, that fact could be shown. A void decree of divorce is always open to be attacked collaterally at any time, and in any action where it is set up as a valid judgment. 1 Black on Judgments, § 246; 14 Cyc. 722.

If the defendant Burnett did not appear in the action brought by his former wife for divorce on the ground of desertion, in the state of Rhode Island, and substituted service only was had upon him, and he remained a resident of this state from the time of his first marriage to the present time, and his wife gained no matrimonial domicile in the foreign state, he was not legally divorced, and did not have the right to contract a subsequent marriage within this state. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525; Winston v. Winston, 165 N. Y. 553, 59 N. E. 273. It is insisted that the incapacity of defendant Burnett to contract the marriage is immaterial, because his inability to marry would not affect the right of defendant Lucille to the marriage settlement if it was otherwise valid. The plaintiff had a right, however, to show that both the defendants had no right to contract the marriage which was the consideration for the pretended settlement. He must take them, however, one at a time, and he had the right to have the facts fully developed and passed upon as to each. It is strenuously urged that the alleged marriage settlement, not being in writing, was void under the statute of frauds. Inasmuch as there

must be a new trial, it is unnecessary for us to pass upon this question, for it may not be material when the facts shall be fully developed upon a retrial.

The judgment is reversed, and a new trial granted, with costs to the appellant to abide the event. All concur in result.

INGRAHAM, J. I concur in the reversal of this judgment, upon the ground that the plaintiff was entitled to show that the defendant Lucille A. Tiffany had a husband living, and was thus incapacitated from entering into a marriage contract with the defendant Burnett Y. Tiffany; for it is apparent that if one of the contracting parties had not the capacity to make a marriage contract, her promise to marry cannot be a consideration to sustain an agreement by the person with whom she made a contract to marry. I think, therefore, that the plaintiff should have been allowed to show that the defendant Lucille A. Tiffany could not contract a marriage, and therefore could make no valid contract to marry at the time of the agreement which is set up by her as a defense to the plaintiff's cause of action.

I think however that a different rule applies to the defendant Burnett Y. Tiffany's ability to contract marriage. If the defendant Lucille A. Tiffany, acting upon the belief and assumption that he was capable of making a valid contract of marriage, made with him a contract to marry, her promise was a good consideration to support the agreement by him to make a marriage settlement. The same principle has been applied in an action for breach of contracts of marriage, where a recovery has been sustained against the defendant making the contract, although at the time he was actually incapable of entering into a marriage contract. And upon analogy, I think a promise by a person capable of contracting marriage is a sufficient consideration for any promise that the other party to the contract may make, whether capable of contracting a marriage or not.

For these reasons, I think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

CLARKE and SCOTT, JJ., concur.