## SIMER v. FLATT.

No. 9481—Opinion Filed Nov. 26, 1918.

Rehearing Denied Jan. 13, 1919.

(177 Pac. 545.)

**1. Gifts—Conditional Gift or Sale.**

An assignment of an interest in an estate containing the provision, "This is done with the provision that said part of the estate be used for the sole purpose of paying board, room rent and tuition in the Mary Kendall College for Girls at Tulsa, Oklahoma, and in case said money of said estate is not used for the purposes above stated, it is to revert back to said Eunice Duncan," is a conditional gift, and not a sale of the interest of the donor in the estate.

**2. Same—Conditional Gift—Revocation.**

A conditional gift may be revoked by the donor any time after the condition is broken, provided the property has not been delivered.

**3. Same—Breach of Condition — Recovery by Donor.**

Where the donor revokes a conditional gift because of a breach of the condition, such donor is entitled to recover the property donated provided the same has not been delivered.

(Syllabus by Springer, C.)

Error from District Court, Love County; W. F. Freeman, Judge.

Proceeding by J. A. Simer, administrator of M. L. Mitchell, deceased, for distribution and settlement, opposed by Eunice Duncan, and from the order of the county court J. G. Flatt, guardian, etc., appealed, and from the judgment of the district court the administrator brings error. Reversed and remanded, with directions.

H. A. Stanley, for plaintiff in error.

Opinion by SPRINGER, C. This was an action in probate arising on an order of final settlement and distribution.

On the 25th day of December, 1915, M. L. Mitchell died in Love county, leaving an estate of approximately $1,500 and as his heirs, two daughters, Eunice Duncan, a married woman, and Belva Mitchell, a minor.

It was the desire of Mrs. Duncan to give the greater portion of her share of the estate to her sister for the purpose of giving her the advantage of an education.

J. A. Simer was duly appointed administrator, and for the purpose of beneficially assisting her sister to educate herself, on January 1, 1916, Eunice Duncan and her husband, H. E. Duncan, executed the following instrument:

"To J. A. Simer, and to Whom Else This May Concern:

"Jan. 1, 1916.

"This is to certify that Eunice Duncan and her husband, H. E. Duncan, assign and bequeath all their interest and title in the late M. L. Mitchell estate at Simon, Love county, Oklahoma, to Belva Mitchell, except two hundred dollars, $200. This is done with the provision that said part of the estate be used for the sole purpose of paying board, room rent and tuition in the Mary Kendall College for Girls at Tulsa, Oklahoma, and in case said money for said estate is not used for the purpose above stated it is to revert back to said Eunice Duncan. It is further desired by the said Eunice Duncan that Judge Hays, judge of the county court at Marietta, Love county, Oklahoma, act as guardian for the said Belva Mitchell and in case he cannot serve he appoint some one whom he chooses.

"Mrs. Eunice Duncan.
"H. E. Duncan."

"Witnesses:
"E. A. Gassaway.
"A. J. Newell."

And on the 3d day of January she executed another instrument to the same effect. These two instruments were filed and made a part of the record of the proceedings in administration. After the execution of these two instruments, and before the delivery of the money under them, Belva Mitchell was married, such marriage having been celebrated about the 1st of August, 1916. The record discloses that Belva Mitchell was in school only a few months after the 1st of January, 1916, and that since her marriage she has refused to attend school or to do anything on her part which would entitle her to the conditional gift. It is shown by the final account of the administrator that he received a total of $1,568.96, and that he had paid a total of $795.57, and had on hand at the time of this hearing $773.39. In his final report he prayed that he might make distribution of the estate as follows: $420 to Belva Mitchell, and $273 to Eunice Duncan, which, together with the amount previously paid her of $147, would make approximately $420 to each of the heirs. To this proceeding Eunice Duncan filed her objection, based upon a revocation theretofore made. The court heard the matter, and ordered the administrator

to make the distribution of the estate as prayed for in his final account.

From the order of the county court Belva Mitchell appealed to the district court, where a hearing was had on the 6th day of March, 1917, the court rendering judgment, finding that of the estate there was but $53 due Eunice Duncan, and adjudged her to pay the cost of the proceedings.

After the execution of the instruments of gift, and on the 26th day of April, 1916, Eunice Duncan executed a revocation of her gift to her sister, and filed the same in the county court, which became a part of the record of proceedings, and is as follows:

"State of Oklahoma, Love County—ss.:

"In the County Court.

"Know all men by these presents: That whereas, on the 5th day of January, 1916, I filed with the county court in the above-styled estate a waiver and gift of my interest in said estate in excess of $200 to my sister, Belva Mitchell; and

"Whereas, said gift was made in order that my sister might be properly educated under a proper guardian appointed by the county court of Love county, Oklahoma; and

"Whereas, said appointment has failed, and my wishes and desires have been set aside and held for naught:

"Therefore, I, Mrs. Eunice Duncan, do hereby revoke and recall said waiver and gift and do say that I have not received the sum of $200 from said estate and that the remaining part of said estate which would have gone to my sister Belva Mitchell under said former waiver has not been paid to her or her legal guardian and I do now claim from the administrator of said estate all and every part of my inheritance. And I hereby revoke all powers of attorney or otherwise which I may have conferred or given in said gift.

"Mrs. Eunice Duncan.

"State of Oklahoma, Tulsa County—ss.:

"Mrs. Eunice Duncan of legal age being first duly sworn says that she executed the above and foregoing instrument and that the allegations therein contained are true, that she did same of her own free will and accord for the uses and purposes therein expressed.

"Mrs. Eunice Duncan.

"Subscribed and sworn to before me this the 26th day of April, 1916.

"J. L. Reardon, Notary Public.
"My Com. Ex. Feb. 1918. [Seal.]"

The trial court treated the instruments of gift as a sale of the interest of Eunice Duncan in the estate to her sister. The face of the instruments themselves shows that it was not a sale, but a conditional gift. The condition on which the gift was made was that her sister should remain in school.

"This is done with the provision that said part of the estate be used for the sole purpose of paying board, room rent and the tuition in the Mary Kendall College for Girls at Tulsa, Oklahoma, and in case said money for said estate is not used for the purpose above, it is to revert back to said Eunice Duncan."

A gift vivos is not complete until delivery is made of the property by the administrator to Belva Mitchell, and the donor had a right to revoke the gift at any time the conditions on which it was given were violated, provided it had not been delivered. 20 Cyc. 1213; Conkling v. Springfield, 39 Ill. 98.

Of the case of Berry v. Berry, 31 Iowa, 415, it is said (20 Cyc. 1214):

"A father gave his son certain personal property upon the condition that he should keep sober and attend to business, and it was held that, to entitle the donee to claim that the gift was irrevocable and invested him with a right to the property, it must be shown that he had complied with the conditions on which the gift was made."

To the same effect is Halbert v. Halbert, 21 Md. 277.

The court was in error in holding this transaction between Eunice Duncan and Belva Mitchell a sale.

For errors assigned the judgment of the lower court is reversed, and this cause remanded, with directions to render a judgment in favor of Eunice Duncan for her share of the estate.

By the Court: It is so ordered.