CHARLES A. HERMAN, as Treasurer of the LITHUANIAN
SOCIALIST FEDERATION, an Unincorporated Voluntary
Association, Consisting of More Than Seven Members,
Appellant, Respondent, *v.* BROOKLYN SAVINGS BANK and
Others, Respondents, Impleaded with LITHUANIAN SOCIALIST
HOME ASSOCIATION, INC., Respondent, Appellant.

First Department, April 1, 1921.

Corporations — incorporation — right of one corporation to incor-
porate another or control its action — mutual benefit associations
— parent association cannot control property of branch organized
by it — right of parent association to restrain branch from using
funds contributed to it contrary to purposes specified — injunction
pendente lite.

One stock corporation may not lawfully incorporate another or control
its action otherwise than by a majority stock control, where that is
authorized.

Where an incorporated or unincorporated fraternal order or association
organizes a subordinate branch or body, whether as an incorporated or
unincorporated association, there is no contractual relation between
them by or under which the superior order or association may reserve
to itself the right to take possession of, and use as its own, property of the
subordinate association in the event of lawful suspension or dissolution
of the latter.

Members of a voluntary association of which the plaintiff was the treasurer
incorporated the defendant association for the purpose of building and
operating a home and club house for the members of the plaintiff who
together with their association contributed to the defendant $25,000.
The directors of the defendant association, after they had ceased to be
such by reason of violating the certificate of incorporation, decided by
resolution to liquidate its affairs and to transfer the funds to another
corporation whose objects plaintiff alleges are contrary to the principles
and purposes of the plaintiff association and the certificate of incorporation
of the defendant. In an action against the banks holding the funds
contributed by the plaintiff, in which the defendant association was
impleaded, to restrain them from using said funds contrary to the purposes
for which they were given, *held,* that the funds were given and contributed
by the plaintiff association in whose behalf the action is brought, and
accepted by the defendant association upon the trust that the same would
be used only for the purposes specified in the certificate of incorporation,
and the association, in behalf of which plaintiff as treasurer brings the
action, has a sufficient interest in the performance of the trust to give

it a standing in a court of equity to restrict and confine the use of the funds to the purposes specified, and that the complaint states facts entitling the plaintiff to equitable relief.

The plaintiff's motion for an injunction *pendente lite* should have been granted.

MERRELL and DOWLING, JJ., dissent, with opinion.

APPEAL by the plaintiff, Charles A. Herman, as treasurer, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of February, 1920, denying plaintiff's motion for an injunction *pendente lite*.

Appeal by the defendant, Lithuanian Socialist Home Association, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of June, 1920, overruling defendant's demurrer to the complaint.

*Morris Hillquit* of counsel [*Hillquit & Levene*, attorneys], for the plaintiff, appellant.

*Charles Recht* of counsel [*Rose Weiss* with him on the brief], for the defendant, appellant.

LAUGHLIN, J.:

Most of the material facts are quite fully stated in the opinion of Mr. Justice MERRELL, but it further appears that it is provided in the certificate of incorporation of the defendant that membership therein shall be restricted to members in good standing of the Lithuanian Socialist Federation and shall cease automatically with respect to each member upon his ceasing to be such a member in good standing, and I think that it is to be inferred from the facts alleged that all of the directors of the defendant ceased to be members of the Lithuanian Socialist Federation in good standing, for it is alleged that the action taken by them and others in, among other things, joining the Communist party under the name of the Lithuanian Communist Federation, was in violation of the constitution and by-laws not only of the Lithuanian Socialist Federation but of the Socialist party of the United States of America and in violation of the certificate of incor-

poration of the defendant and without the consent of the association represented by the plaintiff. Therefore, I think it sufficiently appears that the defendant is now without a board of directors and that its former directors, who no longer have any authority to represent it, are threatening and intend to divert its funds from the purposes for which they were received and for which their use is authorized by the certificate of incorporation of the defendant, and that the banks in which the funds of the defendant are deposited threaten and intend to permit the withdrawal thereof and that upon such withdrawal an opportunity will be afforded for the unauthorized use thereof which will be thereupon made. Those funds to the extent of $10,000 were directly contributed by the association in behalf of which this action is brought; and the remaining funds were contributed by its members with its consent and approval for use for the purposes specifically authorized by the charter of the defendant.

It is well settled that one stock corporation may not lawfully incorporate another or control its action otherwise than by a majority stock control, where that is authorized. (*Schwab v. Potter Co.,* 194 N. Y. 409, 415, affg. 129 App. Div. 36.) It is also well settled that where an incorporated or unincorporated fraternal order or association organizes a subordinate branch or body, whether as an incorporated or unincorporated association, there is no contractual relation between them by or under which the superior order or association may reserve to itself the right to take possession of and use as its own property of the subordinate association in the event of the lawful suspension or dissolution of the latter. (*Austin v. Searing,* 16 N. Y. 112; *Wicks v. Monihan,* 130 id. 232; *Order United Am. Mech's v. Emery,* 219 Penn. St. 461; *Grand Court Foresters v. Court Cavour,* 82 N. J. Eq. 89; Bacon Life & Acc. Ins. [4th ed.] §§ 94, 98, 612.) In view of these authorities doubtless the association represented by the plaintiff cannot control the action of the defendant notwithstanding the fact that it was instrumental in bringing the defendant into being; and by donating or contributing the funds to the defendant, title thereto passed to the defendant. Defendant, however, may take title thereto upon condition that the funds should be used for the purposes specified in

its certificate of incorporation, and on that theory on the donee's failing and refusing to comply with the condition upon which it received the funds, it may be that the donor had a right of rescission which it had exercised and if that theory should be sustained, plaintiff would be entitled to have the funds returned. (Foreign Corporations, 12 R. C. L. § 25; *Conkling* v. *City of Springfield*, 39 Ill. 98; *Hosmer* v. *Tiffany*, 115 App. Div. 303; *Mechanics' National Bank* v. *Jones*, 76 id. 534; affd., 175 N. Y. 518; *Williamson* v. *Johnson*, 62 Vt. 378; 20 Cyc. 1213.) But in any event, the funds were given and contributed by the association in whose behalf the action is brought and accepted by the defendant upon the trust that the same would be used only for the purposes specified in the certificate of incorporation and the association in behalf of which plaintiff as treasurer brings this action has a sufficient interest in the performance of the trust to give it a standing in a court of equity to restrict and confine the use of the funds to the purposes for which the defendant was incorporated and for which they were given and contributed to it. (*Westminster Church* v. *Presbytery of N. Y.*, 211 N. Y. 214, 223; *Westminster Presbyterian Ch.* v. *Trustees of Presbytery*, 142 App. Div. 855, 865; *Mormon Church* v. *United States*, 136 U. S. 1, 50.) The suit is in equity and, therefore, the prayer for relief is not controlling. Plaintiff under the general prayer asked for any relief in equity warranted by the facts alleged and proved upon the trial. I express no opinion with respect to whether plaintiff may in any event be entitled to recover the funds or any part thereof. It is quite plain, I think, that the facts alleged sufficiently show a right to equitable relief to the extent of preventing the defendant from diverting or using the funds for purposes other than those for which they were given and contributed; but whether ultimate relief shall be a decree for the enforcement of the trust or for the payment of the money back to the donor on the theory of the rescission of a conditional gift or that the gift was upon a trust, the performance of which may not be decreed, should be left to the trial court. I am of opinion, therefore, that the order overruling the demurrer to the complaint should be affirmed, with ten dollars costs and disbursements, and that the order denying the motion for an injunction *pendente*

*lite* should be reversed and the motion granted, with ten dollars costs.

CLARKE, P. J., and GREENBAUM, J., concur; DOWLING and MERRELL, JJ., dissent.

MERRELL, J. (dissenting):

Two appeals are here presented for determination. The plaintiff appeals from an order of the Special Term denying plaintiff's motion for an injunction *pendente lite*, and the defendant appeals from an order of the Special Term subsequently granted overruling defendant's demurrer to plaintiff's complaint upon the ground that said complaint did not state facts sufficient to constitute a cause of action. The two Special Terms granting said orders were presided over by different justices. The order denying plaintiff's application for an injunction *pendente lite* was granted because of the insufficiency of the complaint and supporting affidavits to justify the granting of the relief which the plaintiff sought upon said application. The subsequent order overruling defendant's demurrer to the plaintiff's complaint for insufficiency in effect held the said complaint to be good and to state facts sufficient to constitute a cause of action against the defendants. It, therefore, appears that the two Special Term orders are in direct conflict. By stipulation the parties agreed to a consolidation of said appeals, and that the papers on appeal both upon plaintiff's application for the injunction *pendente lite* and upon defendant's demurrer to plaintiff's complaint, be printed in one record and argued as one appeal " as the question involved in both appeals is the same."

I am of the opinion that the Special Term properly denied plaintiff's application for a temporary injunction and that the complaint and supporting affidavits were insufficient as a basis for granting such relief. I am also of the opinion that the subsequent order of the Special Term overruling defendant's demurrer to plaintiff's complaint was erroneous, and that said demurrer should have been sustained and the complaint dismissed.

The action is brought by Charles A. Herman, as treasurer of the Lithuanian Socialist Federation, an unincorporated

voluntary association consisting of more than seven members, as plaintiff, against various banks and savings institutions duly organized, incorporated and existing under and by virtue of the Banking Law of the State of New York, impleading with said banking institutions defendants, the defendant Lithuanian Socialist Home Association, Inc., a corporation duly organized under the Membership Corporations Law of the State of New York.

Under the complaint it is alleged that the Lithuanian Socialist Federation is a voluntary unincorporated association consisting of more than seven members, and that the plaintiff is the treasurer thereof and is a resident of the borough of Manhattan, city and State of New York; that the various banking institutions defendants are domestic corporations organized and existing under and by virtue of the Banking Law of the State of New York.

The plaintiff further alleges that the defendant Lithuanian Socialist Home Association, Inc., is a corporation duly organized under the Membership Corporations Law of the State of New York, and that the certificate of its incorporation, duly approved by a justice of the Supreme Court on April 12, 1918, was filed in the office of the clerk of Kings county, N. Y., and also in the office of the Secretary of State of the State of New York. A copy of the articles of incorporation is annexed to the complaint and made a part thereof.

The complaint further alleges that the Lithuanian Socialist Federation, of which the plaintiff is treasurer, is an association, organized in 1904, composed of members speaking the Lithuanian language, and is affiliated with the Socialist party of the United States of America, a political organization, and as such receives a charter from the said Socialist party of the United States of America and pays dues to said party in accordance with the provisions of its constitution and by-laws; that the said Lithuanian Socialist Federation is composed of nineteen branches or locals scattered through the various States of the Union, all existing under and by virtue of the constitution and by-laws of said Socialist party of the United States of America, and having a membership of approximately 4,000, all of whom pay dues and assessments to the association, together with initiation fees and voluntary

contributions, constituting the income of said association, and, as plaintiff alleges, the said association had in its treasury at different times large sums of money which under its constitution and by-laws and the constitution and by-laws of the Socialist party of the United States of America could be used only by said plaintiff association for such purposes as were lawful and valid under its own constitution and by-laws and under the constitution and by-laws of said Socialist party; that said funds of the Lithuanian Socialist Federation were on deposit with the various defendant banking institutions.

The plaintiff further alleges that in March, 1918, by resolution duly passed at a regular meeting of said association it was decided by the plaintiff association to incorporate an association composed of members of the plaintiff association for the purpose of building and operating a home, club house or club houses in the city of New York and elsewhere for social, political, cultural and recreative activities of the members of the Lithuanian Socialist Federation, as more fully appears from the articles of incorporation annexed to and forming a part of said complaint.

The plaintiff further alleges that the fifteen individuals named in said certificate of incorporation of the Lithuanian Socialist Home Association, Inc., were members of the plaintiff association at the time and prior to its incorporation, and that said individuals were designated by the said plaintiff association to form the said corporation and act as directors thereof for the first year.

The plaintiff further alleges that immediately following the said incorporation of the defendant Lithuanian Socialist Home Association, Inc., and after the approval of its certificate of incorporation by the said justice of the Supreme Court, the said plaintiff paid over to said corporation the sum of approximately $10,000 of funds which had been collected from members of the plaintiff association for the purpose of furthering its objects in the building of homes as set forth in said certificate of incorporation, and further authorized the directors of said corporation to collect and receive further sums of money from members of the plaintiff association for the purposes aforesaid and for no other.

The plaintiff further alleges that thereupon the board of

directors of said corporation thus organized proceeded to collect various sums of money and in addition to the $10,000 which it had received from the plaintiff association the defendant collected the sum of $15,000, the said funds of the defendant corporation aggregating approximately $25,000, which moneys were deposited by the defendant corporation with the various defendant banking institutions, but that the said defendant corporation failed and neglected to use or employ any of said funds for the purposes set forth in their certificate of incorporation, to wit, to build a home or club house for said association.

The plaintiff further alleges that between September 27, 1919, and October 1, 1919, " the said directors " of the defendant corporation, together with certain other individuals claiming to be members of the Lithuanian Socialist Federation, wrongfully and illegally and in violation of the by-laws of the plaintiff association and in violation of the constitution and by-laws of the said Socialist party and in violation of its certificate of incorporation and without plaintiff's consent, passed a resolution that the said individuals claiming to be members of the plaintiff association together with some of the directors of the defendant corporation join and unite with the Communist party and thereafter be known by the name of Lithuanian Communist Federation, and deciding to liquidate the affairs of the defendant corporation, and that all its funds, including said $25,000, be transferred to said Lithuanian Communist Federation.

The plaintiff further alleges that said resolution thus adopted was illegal and void and contrary to the principles of said Socialist party of the United States of America and contrary to its constitution and by-laws and contrary to the aims and objects for which the defendant corporation was organized and created; that the plaintiff association has refused and still refuses to indorse such resolution, and has given notice to all the defendant banks herein to withhold payment of the funds on deposit in their institutions to the credit of said defendant corporation on the ground that the said corporation is attempting to withdraw said funds for the illegal object set forth in said resolution, and that said defendant banks have threatened to pay out said funds to the defendant corporation.

It is further alleged in plaintiff's complaint that the Lithuanian Communist Federation aforesaid is not recognized by the plaintiff association, and that its objects and principles are contrary and antagonistic to the principles for which the plaintiff association stands.

Alleging that unless injunctive relief is granted restraining the said defendant corporation and the directors thereof from disposing of the funds thus deposited in the various defendant banking institutions and restraining the said institutions from paying over said funds alleged to be the property of the plaintiff, the plaintiff will suffer irreparable damage, and further alleging that the said defendant corporation is financially irresponsible and unable to respond in damages to the plaintiff, and that the plaintiff has no adequate remedy at law, and by due authority conferred upon the plaintiff, the plaintiff demands judgment and decree of the court restraining the defendant corporation, its officers and directors, from in any manner attempting to collect any of the funds on deposit with the defendant banks, and likewise restraining the said banks from in any manner attempting to pay over any of said funds to said defendant corporation or any other individual, and providing that said moneys on deposit in the various defendant banking institutions be paid over to the plaintiff.

It seems entirely clear to me that the plaintiff is seeking relief to which it is not entitled under the allegations of the complaint. While it is alleged in the complaint that the defendant Lithuanian Socialist Home Association, Inc., was incorporated at the behest of the Lithuanian Socialist Federation, and that the individuals comprising its directorate for the first year were " designated " by the plaintiff, the articles of incorporation, approved by a justice of the Supreme Court and properly filed, would not seem to bear out such contention. For aught that appears from the certificate of incorporation, which clearly defines the object and scope of the defendant corporation, the said corporation was formed in the usual way and was entirely distinct and separate from the unincorporated voluntary association known as the Lithuanian Socialist Federation. It is stated in the certificate, first, that the particular objects for which the corporation is to be formed are: To build, lease, purchase, own, manage and operate a

First Department, April, 1921.          [Vol. 196

building or buildings, club house or club houses, for social, political, cultural and recreative activities of Lithuanian Socialists in the United States. The certificate is in the usual form of a membership corporation certificate in accordance with the statutes of the State of New York, and the same was duly approved by a justice of the Supreme Court of this State. The complaint alleges that having been formed, the Lithuanian Socialist Federation turned over to the defendant corporation the sum of $10,000 to be used by said defendant corporation for the purposes for which it was organized. It is further alleged in the complaint that the board of directors of the defendant corporation proceeded " in pursuance of said authority from the plaintiff association " to collect moneys in addition to the $10,000 furnished by the Lithuanian Socialist Federation and succeeded in raising in the aggregate $25,000. It nowhere appears, either in the certificate of incorporation of the defendant or elsewhere, that it was restricted in any way with respect to the prosecution of the objects of its incorporation, and it seems entirely clear that the $10,000 voted to the defendant corporation by the Lithuanian Socialist Federation was a gift to said corporation, and that the moneys collected by the defendant corporation swelling said fund to $25,000 were at all times the property of the defendant corporation over which the plaintiff association had no control whatever.

It is argued by the plaintiff that the defendant corporation is not a separate entity and at most holds the funds aforesaid in trust, and that the plaintiff is entitled to control the same. I do not think the record discloses any such situation.

The plaintiff bases its claimed right of action upon the claim that the defendant corporation has violated the terms of its certificate of incorporation. I do not think the record discloses any impending violation by the defendant of its charter. From the minutes of the Lithuanian Socialist Federation convention, a translation of which is annexed to the complaint, and upon which the plaintiff seems to base his allegation of impending liquidation of the affairs of the defendant corporation, it appears that on October 1, 1919, a motion was made that the defendant corporation should be liquidated and that all home funds should be transferred to the

Lithuanian Communist Federation, and that said motion was lost. It is true that following the defeat of such proposition a resolution was adopted instructing the executive committee to investigate as to whether there would be difficulties and danger in building a home in the name of the Lithuanian Communist Federation, and that if it be found that there were no such difficulties, then the existing home association should be liquidated and its property transferred to the proposed new organization. I do not think the record shows any actual violation by the defendant of the terms of its incorporation. The resolution which plaintiff alleges constitutes the threat of dissolution of the defendant corporation was not adopted by the defendant herein, but by a convention of the Lithuanian Socialist Federation. It does not clearly appear that the federation aforesaid was connected with the plaintiff, nor does it appear that the defendant corporation participated in said convention or was in any manner responsible for any action taken thereat. I think the allegations of the complaint with respect to the merger of the plaintiff association with the Communist party into a new organization to be known by the name of the Lithuanian Communist Federation and for a liquidation of the affairs of the defendant corporation and a transfer of its funds to the new organization, are entirely insufficient to connect the defendant corporation therewith. The allegation of the complaint is merely that " the said directors of the Lithuanian Socialist Home Association, Inc., together with certain other individuals claiming to be members of the Lithuanian Socialist Federation, wrongfully and illegally " passed a resolution to join and unite with the Communist party under the name of the Lithuanian Communist Federation, and that the affairs of the defendant corporation should be liquidated and its funds turned over to the new organization. The complaint states that " a copy of the correct translation of said resolution is hereby attached and made part hereof and marked ' Exhibit II.' " The complaint does not allege that the majority of the directors of the defendant adopted said resolution, nor does it allege that the resolution was adopted at a directors' meeting or even at a meeting of the members of the Lithuanian Socialist Federation. It is alleged in the complaint that the defendant, after its

incorporation, collected the various sums of money which it deposited in the various banking institutions named as defendants herein, but that said defendant " * * * failed and neglected to use or employ any of said funds for the purposes set forth in their certificate of incorporation, to wit, to build a home or club house for the said association." The aforesaid allegation of the complaint relates to the past failure and neglect of the defendant corporation to fulfill the purposes of its incorporation, but said allegation does not go so far as to allege that the defendant refuses or intends in the future to act contrary to the purposes of its incorporation. Very good reasons may exist why the defendant had not, prior to the commencement of the action, built a home or club house for the said association, such as failure to obtain a suitable site, insufficiency of funds, and high cost of construction under existing business conditions. An examination of the translation of the proceedings of the Lithuanian Socialist Federation convention, annexed to plaintiff's complaint as Exhibit II, discloses that at that convention a motion was made that the affairs of the Lithuanian Socialist Home Association should be liquidated, and that all home funds should be transferred to the Lithuanian Communist Federation, and that such motion *was lost.* Thus the allegation of the complaint that a resolution was adopted to liquidate the affairs of the defendant corporation and to turn over the funds which had been collected from the members of the plaintiff association was entirely without foundation in fact. In the affidavit accompanying the complaint it is averred that on September 27, 1919, " * * * the said directors of the Lithuanian Socialist Home Association, Inc., together with certain other individuals who claimed to be members of the plaintiff association, held a convention in the Borough of Brooklyn, and there at a meeting wrongfully and illegally and in violation of the constitution and by-laws of the plaintiff association and the Socialist Party of the United States of America, and in violation of the articles of incorporation of the Lithuanian Socialist Home Association, Inc., and without the consent of this plaintiff, passed a resolution in which, among other things, these individuals resolved to join and unite with the Communist Party, and to transfer all of the funds on deposit in the various banks

to the credit of the Lithuanian Socialist Home Association, Inc., to the said Communist Party, and it was further resolved at said meeting, that the said Lithuanian Socialist Home Association, Inc., shall be liquidated and that all of the aforesaid funds be transferred to an association known as the Lithuanian Communist Federation."

The translation of the proceedings of the convention where it is alleged action was taken looking to a liquidation of the affairs of the defendant corporation and a transfer of its funds to the Lithuanian Communist Federation quite clearly disproves, not only the allegations of the complaint, but the averments in the aforesaid affidavit accompanying the same, upon which the application for a temporary injunction was made. So far as I am able to discover, there is no allegation in the complaint that the $10,000 transferred to the defendant by the plaintiff federation was in any manner restricted, except that it was to be used " for the purposes of furthering its objects in the building of homes as is set forth in their certificate," and the complaint contains no allegations of threatened violation thereof on the part of the defendant. So far as the complaint is concerned it appears that the effort to liquidate and transfer the assets of the defendant was on the part of the Lithuanian Socialist Federation, and that the defendant in no manner participated therein, and it appears from the translation attached to the complaint that such effort has been thus far abortive.

I am of the opinion that the complaint and accompanying affidavits presented by the plaintiff upon his application for a temporary injunction were insufficient to justify the granting of such injunction, and that, therefore, the Special Term properly denied said application, and that the order from which plaintiff has appealed should be affirmed, with ten dollars costs and disbursements.

I am further of the opinion that the demurrer of the defendant to the plaintiff's complaint for insufficiency should have been sustained, and that the order overruling the same should be reversed, with ten dollars costs and disbursements, and plaintiff's complaint be dismissed, with ten dollars costs,

DOWLING, J., concurs,

First Department, March, 1921                    [Vol. 196

Order denying motion for an injunction *pendente lite* reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.   Order overruling demurrer affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer upon payment of said costs and ten dollars costs of motion at Special Term.