In an action to recover a money judgment, for an injunction, and an accounting, appellant appeals from an order granting an injunction pendente lite, restraining the defendant banks from paying out funds on deposit to appellant’s credit. Order reversed on the law and the facts, with $10 costs and disbursements, and the motion for injunction pendente lite denied, with $10 costs. No facts have been stated which would entitle respondent to the order appealed from in support of its action for a money judgment, nor does it clearly appear from the complaint and the papers submitted that plaintiff is, or will be entitled to judgment restraining appellant from exercising control of its bank accounts, or other property, or that pending the action appellant is committing any act which would injure plaintiff, or render any judgment which may be obtained ineffectual. Neither does it appear that any of the funds or property held by appellant were received from respondent in trust for any purpose which is presently being violated. On the contrary, it is asserted by appellant that the funds to its credit in the bank accounts affected are held, to some extent at least, in trust for and for the benefit of members of a sick benefit and funeral fund,- created by appellant, and that the injunction order appealed from will result in depriving sick and indigent members of the benefits to which they may be entitled. Under the circumstances disclosed, the granting of the injunction order was an improvident exercise of discretion. (Cf. Austin v. Searing, 16 N. Y. 112; Wieks v. Monihan, 130 N. Y. 232; Herman v. Brooklyn Sav. Bank, 196 App. Div. 269; Sons of Italy Grand Lodge v. Supreme Lodge of Sons of Italy, 137 Mise. 281; Platt v. Mias, 101 App. Div. 518.) Nolan, P. J., Carswell, Sneed and Wenzel, JJ., concur; MacCrate, J., taking no part.